## Wilson v. Wasson et al.

*Equity — Accounts — Pleading and practice — Exception to rule — Cross-bill—Intervening—Affirmative relief.*

1. Where plaintiff paid in money for the purpose of forming a corporation, the project later being abandoned, and some of the subscribers received part of their money back, and others received all of their money back, plaintiff was entitled to an account.

2. Where plaintiff had subscribed money to a fund for forming a corporation and had no other duty placed upon him than to pay the money subscribed, the parties who received the money became trustees and liable to account, and plaintiff was not estopped from maintaining a bill for an account.

3. Where an accounting is demanded and several persons are named as defendants, whose interest is not clear, the defendants may intervene as complainants or file cross-bills clearly defining the issue; but if they fail to do so, when the answers are filed the replication is directed to them as well as the principals, the court is without power to grant affirmative relief. No exception exists to this general rule, except where "a balance is found due the defendant."

Bill for accounting. C. P. Allegheny Co., Jan. T., 1922, No. 2836, in Equity.

*Alter, Wright & Barron,* for plaintiff.

*Reed, Smith, Shaw & McClay,* for defendants.

SWEARINGEN, J.—This is a bill for an accounting. The first two defendants named agreed to form a syndicate to raise $60,000 capital, with which to organize a Delaware corporation, and the latter was to acquire the assets or the controlling interest in another existing corporation. The project was abandoned after considerable money had been collected. The complainant paid his subscription in full. He avers that he has not been repaid, that other subscribers have, and that no account has been rendered. Several of the defendants join in the complainant's demand, several others pray that the bill be dismissed, and some have not been notified of the suit.

From the evidence we find the following

### Findings of fact.

1. The bill was filed Dec. 30, 1921, by H. M. Wilson, a citizen of and a resident in Pittsburgh, Pennsylvania.

2. The defendants, Albert Gloeckler, William Maus, Henry J. Uhte, W. J. Maus, J. M. Steele and John H. Niebaum, answered the bill and joined in the prayer for an accounting.

3. The defendants, W. M. Campbell and W. W. Wasson, are residents of Pittsburgh, and the defendant, E. L. Wasson, is a resident of Butler County, State of Pennsylvania. They all answered the bill and prayed for its dismissal.

4. The defendant, Matz Stahl, was served with the bill, but he neither appeared nor answered.

5. The defendants, H. M. Quinn, Andrew Strank, Thomas Doyle and E. F. Hays & Sons, were not served with the bill, neither did any of them appear or answer.

6. On or about Dec. 10, 1919, E. L. Wasson and W. M. Campbell, two of the defendants, entered into a written agreement, a copy of which, marked "A," is attached to the bill, whereby, after reciting, *inter alia,* that the purpose was either to purchase the assets of another corporation, known as the Ko-loc Manufacturing Company, or a controlling interest in its stock, they agreed to create and establish the Wasson-Campbell Syndicate, with a capital of $60,000, in which each subscriber thereto should participate in pro-

portion as the amount of each fully-paid subscription should be divided into the capital; that when the capital had been fully paid, they would incorporate a company under the laws of Delaware, to be known as the "Liquid Coffee Laboratories, Inc.," with an authorized capital of $750,000 of 8 per cent. cumulative preferred stock, of the par value of $5 per share, and 200,000 shares of common stock, of no par value; that then the assets of or the controlling interest in the Ko-loc Manufacturing Company should be secured by the Liquid Coffee Laboratories, Inc., Wasson and Campbell would obtain, as part of the consideration for the same, for the benefit of the syndicate, a sufficient number of shares of the common stock of the Liquid Coffee Laboratories, Inc., to assure the syndicate of control; that they would obtain 12,000 shares of the preferred stock of the Liquid Coffee Laboratories, Inc., for the benefit of the owners of the syndicate, before the final transfer or assignment of the stock of the Ko-loc Manufacturing Company; and that Ward W. Wasson should act as treasurer of the syndicate, with the provision that all withdrawals of funds from the treasury should bear the signature of W. M. Campbell, in conjunction with Ward W. Wasson. The defendants, E. L. Wasson and W. M. Campbell, signed this agreement, and they were the only parties who did so.

7. The defendants, E. L. Wasson and W. M. Campbell, each subscribed $5000 for the purposes recited in findings of fact 6. After the project was abandoned, E. L. Wasson paid on account of his subscription $1150 and W. M. Campbell has never paid anything on account of his.

8. The defendant, W. W. Wasson, at once accepted the position of treasurer for the Wasson-Campbell Syndicate, and he has since acted as such continuously. He still has moneys which belong to the syndicate. He was not a subscriber thereto.

9. The complainant subscribed and paid on Dec. 16, 1919, to the Wasson-Campbell Syndicate the sum of $2500, in trust, for the purposes of the syndicate, namely, the purchase of the assets of, or a controlling interest in, the Ko-loc Manufacturing Company, of Pittsburgh, Pennsylvania, he having knowledge of the agreement, recited in findings of fact 6, when the payment was made.

10. The complainant afterwards received from the syndicate $775 on Sept. 19, 1921, and he has received no further sums from the syndicate or on its behalf.

11. The defendants, who have joined in the prayer for an accounting, subscribed the amounts, paid the sums, and were repaid the following:

|  | Subscribed. | Paid. | Repaid. |
|---|---|---|---|
| Albert Gloeckler | $500.00 | $500.00 | Nothing |
| William Maus | 300.00 | 300.00 | $231.00 |
| W. J. Maus | 150.00 | 150.00 | 115.50 |
| Henry J. Uhte | 60.00 | 60.00 | Nothing |
| J. M. Steele | 200.00 | 200.00 | 100.00 |
| John H. Niebaum | 500.00 | 500.00 | 250.00 |

12. E. L. Wasson and W. M. Campbell did not complete the creation and establishment of the Wasson-Campbell Syndicate. The "said capital" of $60,000 was never subscribed nor paid, either by E. L. Wasson and W. M. Campbell or by other parties.

13. On the contrary, the purpose for which the Wasson-Campbell Syndicate was intended was abandoned, of which the complainant was not notified, nor did he consent thereto; the Liquid Coffee Laboratories, Inc., has not been incorporated, and there is no intention of doing so; and neither the assets of,

nor a controlling interest in, the Ko-loc Manufacturing Company has been purchased, nor is there any intention of doing so.

14. No account has been rendered by E. L. Wasson and W. M. Campbell, or by either of them, to the complainant.

15. There has been no accounting by W. W. Wasson to the complainant for the moneys received and paid by the former as treasurer of the Wasson-Campbell Syndicate.

16. The complainant brought an action of *assumpsit* against E. L. Wasson, W. M. Campbell, W. W. Wasson and the Wasson-Campbell Syndicate to recover the moneys which he had paid, to wit, $2500, with interest. When the case was reached for trial, the counsel for the parties agreed that there could be no recovery in that form and that a bill in equity should be filed, if the complainant could obtain relief; and this proceeding, the complainant's counsel informed the opposing counsel it was the intention to institute. Whereupon the suit at law was discontinued, $775 was paid the complainant by W. W. Wasson out of the moneys in his hands as treasurer of the syndicate; and the latter also agreed to furnish the former certain information for the purpose of filing a bill in equity, which was not done. There was no agreement whereby the complainant was to accept any less sum than what he had paid ($2500) in settlement of the suit at law.

From the foregoing we reach the following

### Conclusions of law.

1. H. M. Wilson is the only party complainant in this bill. No cross-bills have been filed by any party.

2. The complainant is not estopped from maintaining this bill.

3. Under the contract (findings of fact 6), no duty whatever was placed upon the complainant, except to pay the amount he subscribed thereto, and which he has paid to the treasurer named in the agreement (findings of fact 9).

4. All the obligations prescribed in the agreement (findings of fact 6) were to be performed by E. L. Wasson and W. M. Campbell, except those imposed upon W. W. Wasson, the treasurer, and the duty imposed upon any one who might be admitted as a subscriber, to pay what he had agreed to pay.

5. E. L. Wasson and W. M. Campbell should account to the complainant for all the transactions of the Wasson-Campbell Syndicate.

6. W. W. Wasson should account for the moneys which he received and paid as the treasurer of the Wasson-Campbell Syndicate.

Upon exceptions to findings of fact and conclusions of law, argued before Swearingen, Reid and Kline, JJ., the following opinion was filed by

SWEARINGEN, J., June 29, 1923.—This case is before the court upon exceptions to findings of fact and conclusions of law, and the decree *nisi* requiring an accounting.

The exceptions filed by the principal defendants (E. L. Wasson, W. M. Campbell and W. W. Wasson) are dismissed.

The exceptions filed by the other defendants relate mainly to the ruling that there is but one complainant in the case, and they assert that they cannot, therefore, participate in the accounting ordered. No such question was raised in the pleadings nor at the trial, and it was assumed that the general rule applied.

The complainant alone filed the bill. While he may not have been required to include these exceptants as defendants, yet it was not improper to do so,

Wilson v. Wasson et al.

because he paid his subscription in full and he did not know what the situation was with respect to these other subscribers. They then might have asked leave to intervene as complainants, and we do not perceive how the court could have refused their request, had their allegations been sufficient. Or, they could have filed cross-bills, thereby notifying the complainant and the principal defendants what their claims were and against whom their demands were made, and thus the issues would have been rendered clear and the expenses of the trial reduced. But they took neither course. On the contrary, they all filed answers, and, therefore, the replication was directed to their answers as well as to those of the principals. It is true they joined "in the prayer of the bill of complaint for an accounting," but this was not the only prayer of the bill.

These exceptants now urge that to the rule requiring a defendant to file a cross-bill when he desires affirmative relief there is an exception in case of an accounting. But this is not stating the exception exactly. The language used by the appellate courts in formulating the exceptions to the general rule is "on a bill for accounting, if a balance is found due the defendant."

But there has been no accounting in this case and no balance has been found due any of the exceptants, nor, for that matter, in favor of the complainant. The decree ordered is that certain defendants account. Consequently, the exceptions must be overruled.

*Order.*

And now, to wit, June 29, 1923, after argument and upon consideration, the exceptions to the findings of fact and conclusions of law are dismissed.

From Edwin L. Mattern, Pittsburgh, Pa.